**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-24996-CIV-ALTONAGA**

**NORGE RODRIGUEZ VERGES,**

Petitioner,

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**

Respondent.
_______________________________________/

# ORDER

**THIS CAUSE** came before the Court *sua sponte*. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Stated differently, it is the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

On October 29, 2025, Petitioner, Norge Rodriguez Verges filed a Petition for Writ of Mandamus [ECF No. 1]. Petitioner has not yet received a decision on his pending I-485 Application since filing it with the United States Citizenship and Immigration Services ("USCIS") on March 26, 2020. (*See id.* ¶ 3, 6–7). Petitioner alleges that the USCIS's "delay in adjudicating [his] application has caused significant hardship" (*id.* ¶ 9), and he seeks an order from the Court compelling Defendant to adjudicate his I-485 Application "without further delay" (*id.* 3).[1]

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Petitioner asserts two avenues for relief: the Mandamus Act, 28 U.S.C. section 1361 (*see id.* ¶ 10); and the Administrative Procedure Act ("APA"), 5 U.S.C. sections 555 and 706 (*see id.* ¶¶ 11–12). Petitioner's claims are not constitutional in nature. (*See generally* Pet.). As grounds for subject matter jurisdiction, Petitioner references (1) 28 U.S.C. section 1331 (federal question jurisdiction), given the case arises under the laws of the United States, particularly the APA; and (2) the Mandamus Act, under 28 U.S.C. section 1361. (*See* Pet. ¶¶ 1, 3). The Court encourages Petitioner to review the undersigned's decision in *Romanovich v. Gonzales*, No. 07-60224, 2007 WL 1229047 (S.D. Fla. Apr. 4, 2007). There, the undersigned concluded that neither the Mandamus Act nor the APA provided a basis for subject matter jurisdiction in a case involving an improperly withheld I-485 Application. *See id.* at *1.

First, the undersigned acknowledged the Mandamus Act "confers upon district courts 'original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Id.* at *2 (quoting 28 U.S.C. § 1361)). But the undersigned also noted the Immigration and Nationality Act of 1952 ("INA"), Pub. L. No. 82-414, 66 statute 163, as amended, 8 U.S.C. sections 1101 *et seq.*, "expressly prohibits jurisdiction over [petitioner's] claim pursuant to the Mandamus Act." *Id.* at *2 (alteration added; citing 8 U.S.C. § 1252(a)(2)(B) (other citation omitted)). Therefore, the Mandamus Act did not "confer subject matter jurisdiction" on the Court to review the petitioner's claim. *Id.*

Next, the undersigned turned to the APA, noting it vested the reviewing court with authority to compel agency action unlawfully withheld or unreasonably delayed. *See id.* (citing 5 U.S.C. §§ 555(b), 706(1)). But the Court also noted the APA "does not supersede the express provisions of [8] U.S.C. § 1252(a)(2)(B)(ii), which preclude district court jurisdiction over

discretionary decisions or actions of the USCIS." *Id.* (alteration added; quotation marks and citation omitted). After stating the applicable law under the INA, the Court concluded that "because the INA provides complete discretion over the adjustment of immigration status process to the Attorney General and the USCIS, the APA does not confer jurisdiction upon the Court to hear" the petitioner's claims, and the Court "lacks jurisdiction over this matter." *Id.* (citing cases).

The Eleventh Circuit has reached the same conclusion. In *Kanapuram v. Director*, 131 F.4th 1302 (11th Cir. 2025), the Eleventh Circuit affirmed the district court's dismissal of a petitioner's suit for review of the USCIS's delay in adjudication of a pending I-485 application. *See id.* at 1306, 1309. The Eleventh Circuit reasoned that 8 U.S.C. section 1255(a) gives the USCIS "broad discretion to determine and implement the adjudicative process for Form I-485 applications," and this grant of discretion extends to "actions taken in the course of the decision-making process—including the pace at which that process is undertaken." *Id.* at 1307 (alteration adopted; citation omitted). The Eleventh Circuit thus concluded that 8 U.S.C. section 1252(a)(2)(B)(ii) "precludes jurisdiction over challenges to USCIS delays in adjudicating Form I-485 adjustment of status applications." *Id.* at 1306; *see also id.* at 1309.

In sum, neither the Mandamus Act nor the APA provides a basis for federal subject matter jurisdiction over the Petition. Without a basis for subject matter jurisdiction, the Court is unable to provide the relief Petitioner seeks. Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner, Norge Rodriguez Verges's Petition for Writ of Mandamus **[ECF No. 1]** is **DISMISSED** for lack of jurisdiction. The Clerk of Court shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 31st day of October, 2025.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record